**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YURY ADAMCHUK,<br><br>                                        Petitioner,<br><br>v.<br><br>JEREMY CASEY, the Warden of Imperial Regional Detention Facility, et al.,<br><br>                                        Respondents. | Case No.:  3:26-cv-01149-RBM-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Yury Adamchuk's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.)  On March 3, 2026, Respondents filed a Response to the Petition ("Response").  (Doc. 6.)  Petitioner filed a Reply on March 6, 2026.  (Doc. 7.)  For the reasons set forth below, the Petition is **GRANTED**.

## I.    BACKGROUND

Petitioner, a citizen of Belarus, entered the United States without inspection seeking asylum on September 4, 2022.  (Doc. 1 at 4.)  Petitioner was detained and issued a Notice to Appear ("NTA") which charged him as inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") and initiated removal proceedings against him.  (*Id*.)  On September 6, 2022, Petitioner was released from United States Immigration

1

and Customs Enforcement's ("ICE") custody. (*Id.*) He later filed an application for asylum, which remains pending. (*Id.*) For the next three years after his release from ICE custody, Petitioner was granted work authorization, "paid taxes, complied with all the conditions of his release, and committed no criminal offense." (*Id.*)

"On February 9, 2026, Petitioner was arrested by local law enforcement officers during a routine traffic stop and was subsequently transferred to the ICE custody." (*Id.*) "Petitioner was arrested and placed into detention facility without a warrant, without prior notice, without pre-deprivation bond hearing, and without any individualized assessment of risk." (*Id.*)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner claims that Respondents' revocation of his release and his subsequent re-detention violate the INA, the Fifth Amendment's Due Process Clause, and the Fourth Amendment. (Doc. at 5–11.) Respondents contend that "Petitioner is subject to mandatory detention under § 1225(b), because Petitioner was present in the United States without being admitted or paroled." (Doc. 6 at 2.) In support, Respondents attempt to incorporate by reference arguments regarding the government's authority for mandatory detention

under § 1225(b) made in similar cases.  (*See id*. at 2–4 & n.2.)[1]  Respondents, however, do not substantively address Petitioner's due process claims.[2]

This Court has granted several habeas petitions filed by similarly situated petitioners.  In *Faizyan v. Casey*, the Court held a similarly situated petitioner was detained pursuant to 8 U.S.C. § 1226.  Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *5–6 (S.D. Cal. Nov. 17, 2025); *accord Ayinder v. LaRose*, Case No.: 26-cv-0566-JES-MSB, 2026 WL 296658, at *1 (S.D. Cal. Feb. 4, 2026) (holding that "where a petitioner is apprehended at the border, paroled into the country, and had been residing in the country when he was re-detained, his detention is governed by § 1226.") (collecting cases).  Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court also found "all three factors support a finding that Respondents' revocation of Petitioner's conditional parole without reasoning or an opportunity to be heard deprived Petitioner of his due process rights."  *Faizyan*, 2025 WL 3208844, at *7; *see also Perez v. LaRose*, Case No.: 3:25-cv-02620-RBM-JLB, 2025 WL 3171742, at *5 (S.D. Cal. Nov. 13, 2025); (reaching the same conclusion as to a petitioner's release on humanitarian parole).

Like in *Faizyan*, Petitioner was apprehended upon his arrival in the United States on September 4, 2022, released from ICE custody shortly thereafter, and lived in the United

---

[1] "Generally, courts do not allow incorporation by reference of arguments or 'substantive materials' not contained within the relevant motions' briefs."  *Flores v. Bennett*, 635 F. Supp. 3d 1020, 1029 (E.D. Cal. 2022), *aff'd*, No. 22-16762, 2023 WL 4946605 (9th Cir. Aug. 3, 2023) (collecting cases); *see Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 947 (N.D. Cal. 2014) (declining to consider arguments plaintiff "improperly [sought] to incorporate by reference").

[2] Respondents "request[ ] an opportunity to submit [a more formal response] within a reasonable timeframe" (Doc. 6 at 2 n.1), but notably failed to properly request an extension of time.  *See also Sosa Inzuna v. Warden of Adelanto Det. Facility*, — F. Supp. 3d —, 2026 WL 233211, at *3 n.2 (C.D. Cal. 2026) (noting "the current volume of habeas petitions . . . being filed can be attributed to Respondents' deliberate choice to continue defying the final judgment entered in *Bautista*").

3:26-cv-01149-RBM-VET

States for more than three years before being re-detained.  (Doc. 1 at 4; Doc. 7 at 2.)  As such, Petitioner is not an "arriving" noncitizen but one that has been present in the United States for over three years.  *See Faizyan*, 2025 WL 3208844, at *7.

Before his recent arrest in February 2026, Petitioner "legally worked, paid taxes, complied with all the conditions of his release, and committed no criminal offense." (Doc. 1 at 4.)  He was also able to apply for asylum relief and received work authorization. (Doc. 1 at 4.)  Respondents therefore implicitly promised Petitioner's continued release, and he reasonably relied on that promise.  *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).  Additionally, Petitioner alleges, and Respondents do not dispute, that he was re-detained without notice, a pre-deprivation hearing, or any individualized assessment of risk.  (*See* Doc. 1 at 4, 8; *see generally* Doc. 6.)

The Court therefore adopts its reasoning in *Faizyan* and applies it here.  For those same reasons, Petitioner is detained under 8 U.S.C § 1226 and his re-detention without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful. *See Faizyan*, 2025 WL 3208844, at *7; *Pinchi*, 792 F. Supp. 3d at 1034 ("As ICE was not authorized to release [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer from [Petitioner's] release that ICE determined [he] was neither.").[3]

### IV.    CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting release.

2. The Court **ORDERS** that, prior to any such re-detention, Petitioner is entitled to notice of the reasons for revocation of his release and a hearing before an immigration judge to determine whether detention is warranted.  Respondents

---

[3]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3:26-cv-01149-RBM-VET

shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

**IT IS SO ORDERED**.

DATE: March 20, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-01149-RBM-VET